IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

CERTAIN UNDERWRITERS AT LLOYD'S
OF LONDON, SUBSCRIBING TO
CERTIFICATE NO LLD 1257: ALLSTATE
INSURANCE COMPANY.

    Plaintiffs,

    -v-                                        CASE NO.: 3:06-CV-00611-DRB

CHARLES PARROTT

    Defendant.

---

ANSWER and COUNTERCLAIM

---

    COMES NOW the Defendant, Charles Parrott, by and through his attorney of record, and files his Answer to the Plaintiffs' Complaint for Declaratory Judgment as follows:

    1. The Defendant is without sufficient information to admit or deny paragraph 1. However, based upon this representation of fact, the Defendant admits this paragraph.

    2. The Defendant without sufficient information to admit or deny paragraph 2. However, based upon this representation of fact, the Defendant admits this paragraph.

    3. The Defendant admits the allegations set forth in paragraph 3.

    4. The Defendant admits the allegations set forth in paragraph 4.

    5. The Defendant admits the allegations set forth in paragraph 5.

    6. The Defendant admits the allegations set forth in paragraph 6.

    7. The Defendant admits the allegations set forth in paragraph 7.

    8. The Defendant admits the allegations set forth in paragraph 8.

    9. The Defendant admits the allegations set forth in paragraph 9.

    10. The Defendant admits the allegations set forth in paragraph 10.

COUNT ONE
BREACH OF CONTRACT AND VIOLATION OF CODE OF ALABAMA § 27-14-28

11. No response required.

12. The Defendant denies the allegations in paragraph 12 and demands strict proof thereof.

13. The Defendant denies the allegations in paragraph 13 and demands strict proof thereof.

14. The Defendant denies the allegations in paragraph 14 and demands strict proof thereof.

15. The Defendant denies the allegations in paragraph 15 and demands strict proof thereof.

16. The Defendant denies the assertion this case is analogous to any other precedent.

17. The Defendant denies the allegations in paragraph 17 and demands strict proof thereof.

18. The Defendant denies the allegations in paragraph 18 and demands strict proof thereof.

19. No response is required. The Defendant admits certain portions of the applicable policy are cited within this paragraph.

20. The Defendant admits the allegations set forth in paragraph 20.

21. No response is required. The Defendant admits certain portions of the applicable policy are cited within this paragraph.

22. No response is required. The Defendant is without sufficient information to admit or deny the allegations of prevailing Alabama Law.

23. The Defendant denies the allegations in paragraph 23 and demands strict proof thereof.

24. The Defendant denies the allegations in paragraph 24 and demands strict proof thereof.

25. The Defendant denies the allegations in paragraph 25 and demands strict proof thereof.

COUNT TWO
INTENTIONALLY SET FIRE

26. No response required.

27. The Defendant admits the opinion of the Plaintiffs' expert is contained as an exhibit but denies the remaining allegations of paragraph 27.

28. The Defendant admits the report of the Plaintiffs' expert is contained as an exhibit denies

the allegations in paragraph 28 and demands strict proof thereof.

29. The Defendant denies the allegations in paragraph 29 and demands strict proof thereof.

30. The Defendant is without sufficient information to admit or deny the allegations of paragraph 30. As much as a response is required, denied.

31. The Defendant denies the allegations in paragraph 31 and demands strict proof thereof.

## COUNT THREE
### DISPUTED CLAIM VALUE

32. No response required.

33. The Defendant denies the allegations in paragraph 33 and demands strict proof thereof.

34. The Defendant admits the allegations set forth in paragraph 34.

35. No response required.

36. The Defendant denies the allegations in paragraph 36 and demands strict proof thereof.

37. The Defendant is without sufficient information to either admit or deny the allegations in paragraph 37.

38. The Defendant denies the allegations in paragraph 38 and demands strict proof thereof.

## COUNT FIVE
### PLAINTIFF'S DEMAND SUBROGATION AGAINST DEFENDANT

39. No response required.

40. The Defendant is without sufficient information to either admit or deny the allegations in paragraph 40.

41. The Defendant denies the allegations in paragraph 41 and demands strict proof thereof.

42. The Defendant denies the allegations in paragraph 42 and demands strict proof thereof.

### RESPONSE TO PLAINTIFFS'S CLAIM FOR RELIEF

43. The Defendant pleads the general issue.

44. The Plaintiffs are not entitled to the relief sought.

45. The Plaintiff prays this Honorable Court to declare the applicable policies of insurance made the basis of this lawsuit valid, in full force and effect, and order the Plaintiffs to pay claims made by the Defendant in accordance with the terms and conditions of the respective policies.

46. The Defendant prays this Honorable Court will grant relief to the Defendant for compensatory damages, as well as a reasonable attorney fee plus the costs and expenses of this action.

47. The Defendant prays for such other, further or different relief as the Court may find reasonable under the facts and circumstances of this cause.

## AFFIRMATIVE DEFENSES

48. The Defendant affirmatively pleads breach of contract.

## COUNTERCLAIM

1. The Defendant/Counter Plaintiff is over the age of nineteen years and is a resident of Tallapoosa, County Alabama.

2. The Plaintiff/Counter Defendant, CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO CERTIFICATE NO. LLD1257 (hereinafter referred to as "Lloyds's"), is a business entity which is, upon information and belief, qualified to do business in the State of Alabama.

3. The Plaintiff/Counter Defendant Allstate Insurance Company (hereinafter referred to as "Allstate") is, upon information and belief, a foreign corporation which is qualified to do business in the State of Alabama.

4. This Court has jurisdiction over this matter as complete diversity exists and the amount claimed is in excess of $75,000.00. [28 USC 1332]

## COUNT ONE: BREACH OF CONTRACT

5. Lloyd's issued to the Defendant a commercial property policy number LLD1257 insuring certain property and improvements, as well as contents, located in Tallapoosa County, Alabama.

6. Allstate issued to the Defendant certain automobile policies covering vehicles owned by the Defendant, or otherwise insuring the Defendant.

7. On or about April 2005, a fire caused damage to real and personal property covered by the policy issued by Lloyd's. At all times, the policy issued by Lloyd's was in full force and effect.

8. On or about April 2005, a fire caused damage to personal property covered by the policies issued by Allstate. At all times, the policy issued by Allstate was in full force and effect.

      9. The Defendant has fully cooperated with the Plaintiffs regarding the requirements of the applicable policies.

      10. The Defendant has submitted claims for loss in good faith.

      11. Lloyd's and Allstate have failed and/or refused to pay claims submitted by the Defendant.

      12. Plaintiffs Lloyds and Allstate have caused this instant action to commence in filing their joint complaint for Declaratory Judgment seeking this Court to enter an order denying claims and/or compensation to the Defendant.

      13. Plaintiffs Lloyd's and Allstate have breached their contract for providing insurance coverage to the Defendant.

      14. The Defendant has been damaged as a result of the Plaintiffs Lloyd's and Allstate's failure to pay claims made the basis of this cause.

      WHEREFORE, the Defendant/Counter Plaintiff demands judgement against Lloyd's and Allstate for insurance coverage and indemnification in compensatory damages as the trier of fact may find proper under the facts and circumstances.

This the 8th day of August, 2006.

                                            S/Mark Allen Treadwell, (TRE 005)

OLIVER and TREADWELL  
129 West Columbus Street  
Dadeville, Alabama 36853  
(256) 825-9296

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the above and foregoing upon the following via U.S. Postal Service. postage prepaid and properly addressed to:

Hon. Stephen Rowe  
ADAMS and REESE LLP  
2100 Third Avenue North Suite 1100  
Birmingham, Alabama 35203

Hon. Sue E. Williamson

KLASING & WILLIAMSON P.C.
1601 Providence Park
Birmingham, Alabama 35242

On this 8th August day of 2006.

S/Mark Allen Treadwell