IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
CERTAIN UNDERWRITERS AT      )
LLOYD'S LONDON, etc.,        )
et al.,                      )
                             )
    Plaintiffs,              )
                             )      CIVIL ACTION NO.
    v.                       )      3:06cv611-MHT
                             )
CHARLES PARROTT,             )
                             )
    Defendant.               )
```

ORDER

The allegations of the complaint in this lawsuit are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship). To invoke jurisdiction based on diversity, the complaint must distinctly and affirmatively allege each party's citizenship. McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam). The allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332.

The complaint is insufficient because it does not indicate the citizenship of plaintiff Certain Underwriters at Lloyd's London.  If the entity is a corporation, then the complaint must allege the citizenship of both the state of incorporation <u>and</u> where the corporation has its principal place of business.  28 U.S.C. § 1332(c)(2); <u>American Motorist Insur. Co. v. American Employers' Insur. Co.</u>, 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam).  If the entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited. <u>Carden v. Arkoma Associates</u>, 494 U.S. 185 (1990).  If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of its members.  <u>Xaros v. U.S. Fidelity and Guar. Co.</u>, 820 F.2d 1176, 1181 (11th Cir. 1987).  And if the entity consists of several entities, the complaint must reflect

the citizenship, or citizenships, of each and every entity based on the nature of that entity.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until August 25, 2006, to amend the complaint to allege jurisdiction sufficiently, see 28 U.S.C. § 1653; otherwise this lawsuit shall be dismissed with prejudice.

DONE, this the 14th day of August, 2006.

    /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE