IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO CERTIFICATE NO. LLD1257 d/b/a LLOYD'S OF LONDON; <br><br> ALLSTATE INSURANCE COMPANY; <br><br> Plaintiffs. <br><br> v. <br><br> CHARLES PARROTT <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br><br> CIVIL ACTION NO. <br> 3:06cv611-MHT |

### AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiffs Certain Underwriters at Lloyd's London, Subscribing to Certificate No. LLD 1257 d/b/a Lloyd's of London ("Lloyd's"), and Allstate Insurance Company and move this Honorable Court to enter a Declaratory Judgment declaring that no coverage is provided to Defendants Charles Parrott under London Underwriters Policy No. LLD1257, or under Allstate Policy No.915336473 and Policy No. 021589680 for property damages alleged to have been incurred by Defendant as a result of an April 2005 fire at 1598 Highway 79, Daviston, Alabama 36256, which damaged or destroyed a building, its contents and multiple vehicles and trailers that were the subject of insurance policies issued by Plaintiffs to Defendant. In support of this motion, Plaintiffs say as follows:

    1.    At all times pertinent to the issues of this case, Plaintiff Lloyd's was, and is, a company incorporated under the laws of England pursuant to the Lloyd's Acts 1871 to 1982. Lloyd's maintains its principal place of business in London, England. Lloyd's is authorized to do business in the State of Alabama with regard to surplus lines coverage.

2. At all times pertinent to the issues of this case, Plaintiff Allstate was, and is, a stock insurance company organized under the laws of Illinois and with its principal offices located in Illinois. Allstate is authorized to do business in the State of Alabama.

3. Defendant Charles W. Parrott is an individual who is now, and at all times pertinent hereto, a resident citizen of Tallapoosa County, Alabama over the age of nineteen (19) years.

4. An actual controversy of a justiciable nature exists between Plaintiffs and Defendant involving the rights and liabilities existing under the contracts of insurance issued by Plaintiffs to the Defendant. The dispute and controversy involves more than Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

5. Jurisdiction in this cause is based upon the amount in controversy and diversity of citizenship (28 U.S.C. §1332).

6. On or about December 8, 2004, Plaintiff, Lloyd's issued to Defendant a Commercial Property policy, bearing policy number LLD1257 ("London policy"), with an effective period of December 8, 2004 to December 8, 2005. This subject of this insurance was a building allegedly used as a water bottling plant and its contents. A copy of the Lloyd's policy is attached to original Complaint as Exhibit A.

7. Allstate issued MBR automobile policy No. 021589680 linked to 910392456 and automobile policy No. 915336473 to Defendant naming multiple vehicles, utility trailers, a mobile home and campers as the subject of the insurance. The policies were in a renewal period from March 6, 2005 to March 6, 2006 when this loss reportedly occurred. Copies of the Allstate policies will be supplemented by amendment to original Complaint as Exhibit B.

8. Pursuant to the terms of all policies, Defendant was named as an insured, or otherwise qualified as an insured as that term was defined by each policy.

9.   Upon Plaintiffs' best information and belief, during April of 2005, a fire occurred at 1598 Highway 79, Daviston, Alabama 36256 as a result of which Defendant claims benefits for property damage under all policies issued by Plaintiffs.

10.   Defendant submitted Sworn Proofs of Loss or Affidavits of Vehicle Fire to Plaintiffs representing his claims. Defendant's claim to Lloyd's is $258,000.00 attached to original Complaint as Exhibit C. Defendant's claim to Allstate included a 1998 Coachman, a 2000 Pace, a 2201 Hallmark, a 2002 Pace, a 1997 Utility Trailer, a 1997 Chevy Silverado, and a 1986 Ford F-700 making a total claim of $135,200.00 based on prices Defendant claimed as purchase prices for the vehicles attached to original Complaint as Exhibit D.

## COUNT ONE
### [Breach Of Contract & Violation Of Code Of Alabama § 27-14-28]
### [Misrepresentation After Loss]

11.   Plaintiffs adopt and incorporate by reference the previous allegations in paragraphs one (1) through ten (10) as if fully set out herein.

12.   The Sworn Statement in Proof of Loss submitted by Defendant to Lloyd's [Exhibit C] does not include any itemization of damages. Lloyd's has requested an inventory of property claimed to have been damaged in the fire but Defendant has not provided an itemized list as an attachment to his Sworn Statement of Loss. Defendant did, however, submit information about property he claims to have lost in the fire at his Examination Under Oath taken by Lloyd's on August 4, 2005.

13.   In the Sworn Proofs of Loss and Examinations Under Oath, Defendant has materially misrepresented items lost in the fire with intent to deceive Plaintiffs. "Where an insured knowingly and willfully overestimates in his proof of loss the value of the property destroyed, with the intention of deceiving the insurer, such overvaluation will avoid the policy and defeat any right of the insured to recover thereon." 44 Am Jur 2d *Insurance* § 1373 (1982). This statement of law has clearly been adopted by the State of Alabama as evidence by Ala.

<u>Code</u> § 27-14-28 (1975) which states, "[N]o misrepresent-tation in any proof of loss under any insurance policy shall defeat or void the policy <u>unless</u> such misrepresentation is made with actual intent to deceive as to a matter material to the insured's rights under the policy." (emphasis added). Therefore, pursuant to the conditions of the subject policy and Alabama state law, Plaintiff is entitled to treat the subject policy as void and deny Defendant's claim in its entirety. *See also* <u>Ex parte State Farm Fire and Cas. Co., 523 So. 2d 119 (Ala. 1988)</u>: <u>National Union Fire Ins. Co. v. Schwab,</u> 4 So. 2d 128 (Ala. 1941).

14. On September 19, 2005 Plaintiff, Lloyd's retained David H. Smith & Associates, forensic experts in fire investigation, to sift the debris and conduct a contents analysis of the fire loss site. A copy of Plaintiff's expert's report is attached to original Complaint as Exhibit E. Only 11 of the items described by Defendant as having been lost in the fire were located during this examination. The value of the 11 found items according to Defendant is $4,871.95. Various other items claimed by Defendant to have been destroyed could not be found in the debris, but, due to their composition, could have possibly burned away. The value of these items according to Defendant is $5,528.00. A number of other items, however, were not found amongst the debris, and, due to their composition, would not have burned away entirely, most notably, a semiautomatic bottling machine. Defendant submitted invoices valuing this particular piece of equipment at $246,984.00, far and away making up the bulk of Defendant's claim to Lloyd's.

15. In Lloyd's expert's opinion, there were "numerous discrepancies as to the contents listed by Mr. Parrott at the time of the fire compared to what was discovered during [the] excavation," and "numerous items which were represented by Mr. Charles Parrott (sic) as being in the structure at the time of the fire were in fact not in the structure when the fire occurred." *See* Plaintiff, Lloyd's expert's report attached to original Complaint as Exhibit E.

16. The facts of this case are directly analogous to those of <u>The Home Insurance Co. v. Hardin</u>, 528 S.W. 2d 723 (Ky. 1975), wherein an insured submitted a sworn proof of loss claiming nonexistent items after a fire destroyed his home. That court found "little distinction between fraud in overvaluing personality lost in a fire and fraud in claiming numerous nonexistent items," and held that "claiming numerous nonexisting items in a sworn proof of loss

is fraud <u>as a matter of law</u> and, in accordance with the terms of the policy, defeat[ed] recovery on the entire policy." <u>Id</u>. at 725-726 (emphasis added).

17. Furthermore, Defendant has not only claimed nonexistent items in his claim to Lloyd's, but also overvalued and falsely identified his claims to all three Plaintiffs. Additionally, Defendant has failed to provide an inventory of damaged property, including quantities and costs as requested by Lloyd's as a part of the Sworn Proof of Loss and has thus failed to cooperate as required by the policy. In similar cases, courts have found ample evidence to void fire insurance policies where other insureds also misrepresented material facts in their proof of loss. In <u>Pogo Holding Corp. v. New York Property Ins. Underwriting Assoc.</u> 467 N.Y.S.2d 872 (N.Y. 1983) an insured filed a $55,000.00 claim for two buildings that were destroyed by fire. Evidence showed the buildings were located in a deteriorating neighborhood, had been purchased by the insured two years earlier for $12,000.00, and had been appraised for $10,500.00. Accordingly, the court determined that, "[G]iven the fact that plaintiff valued the properties for the purpose of claiming insurance proceeds from defendant at $55,000.00, a figure approximately five times greater than the appraised value of the property set by the defendant's appraiser and the price of the property when purchased by plaintiff two years earlier, the jury was entitled to find that the claim was so grossly excessive as to constitute false swearing and misrepresentation." <u>Id.</u> at 875-876; see also <u>Barber v. Wausau Underwriters Inc. Co.</u>, 362 S.E.2d 109 (Ga. App. 1987) (Insurance contract determined to be void after finding that insured acted fraudulently or failed to comply with conditions of contract by that insured acted fraudulently or failed to comply with conditions of contract by asserting a fire claim of over $120,000.00 for a claim that only amounted to $25,000.00, and where there was also evidence that insured included in his claim items insured by another company.); <u>Breeland v. Security Ins. Co. of New Haven, Connecticut,</u> 421F.2d 918 (5th Cir. 1969) (Motion for summary judgment to vitiate fire insurance policy granted based on finding that insured knowingly and willfully submitted a fraudulent proof of loss.); <u>Sales v. State Farm Fire & Cas. Co.</u>, 849 F2d 1383 (11th Cir. 1988) (Insured permitted to void fire insurance policy based on "fraud" provision where insured made a material misrepresentation in proof of loss).

18. In this case, Defendant has submitted an overvalued claim to Lloyd's which included property that was clearly never lost in the subject fire. According to Plaintiff Lloyd's

investigation, no more than approximately $45,000.00 worth of property insured by Lloyd's, including the building, could have been destroyed by the subject fire. However, by fraudulently including pieces of equipment such as the semiautomatic bottling equipment, Defendant submitted a claim for $258,000.00, over five times the proper amount. Defendant has intentionally attempted to deceive Plaintiff, Lloyd's. Furthermore, Defendant's misrepresentations to Lloyd's are clearly 'material' as evidenced by the fact that fraudulent items make up over 80% of Defendant's claim for his full policy limit of $258,000.00.

19. The Lloyd's policy specifically provides that coverage is void in the event of misrepresentation, intentional concealment, or fraud by the insured;

> "This Coverage Part is void in any case of fraud by you as it relates to this Coverage Part at any time. It is also void if you or any other insured, at any time, intentionally conceal or misrepresent a material fact concerning:
>
> 1. This Coverage Part;
> 2. The Covered Property;
> 3. Your interest in the Covered Property; or
> 4. A claim under this Coverage Part.

*See* Section A of Commercial Property Conditions in Exhibit A.

20. The Lloyd's policy requires cooperation during the investigation or settlement of claims and requires complete inventories of damaged property including quantities, costs, volumes, and amounts of loss claimed. See Section E of Building and Personal Property Coverage Form in Exhibit A.

21. The Allstate Alabama Automobile policy also specifically voids coverage in the event of misrepresentation, concealment, or fraud by the insured in the following provision:

> **Fraud or Misrepresentation**
>
> We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance. [Policies – Exhibit B]

22.   In addition to the defenses supplied by the express language of Plaintiffs' policies, Alabama law explicitly provides that, where an insured materially misrepresents to an insurer the proof of his loss with intent to deceive, the insurer may treat the insurance contract as void and refuse to honor and pay pursuant to the contract of insurance. Ala. Code § 27-14-28 (1975); Ex parte State Farm Fire & Cas. Co., 523 So. 2d 119 (Ala. 1988); National Union Fire Ins. Co. v. Schwab, 4 So. 2d 128 (Ala. 1941). A misrepresentation is "material" when an insured overvalues his loss "so extravagant[ly] as to lead to the conclusion that it was due not to a mistake in judgment but to an intention to defraud." Hartford Fire Ins. Co. v. Clark, 61 So. 2d 19, 27 (Ala. 1952).

23.   Plaintiffs' investigation revealed Defendant breached the insurance contracts and violated Code of Alabama § 27-14-28 by intentionally making misrepresentations to Plaintiffs as to matters material to the investigation.

24.   Plaintiffs contend that Defendant's failure to cooperate and his intentional misrepresentations and concealment of material facts during their investigations of the claims and in the presentation of his proofs of loss violated Code of Alabama § 27-14-28 and breached the insurance contracts resulting in no coverage under any policy for the claims submitted.

25.   As a result of Defendant's violation of Code of Alabama § 27-14-28 and breach of the insurance contracts, Plaintiffs deny any and all liability to Defendant under all of the subject policies issued by Plaintiffs to Defendant or wherein he meets the definition of an insured person.

WHEREFORE, premises considered, Plaintiffs pray this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

    I.    declare the insurance policy contracts to be null and void;

    II.    declare that Plaintiffs have no duty or obligation to Defendant for any of the claims submitted;

    III.    declare no coverage is found under Plaintiffs' policies for the claims submitted; and

IV.   order such other, further or different general relief as the law requires to which Plaintiffs may be entitled.

## COUNT TWO
### [Intentionally Set Fire]
### [Claim Fails To Meet Policy Definition Of Insured Loss]

26.   Plaintiffs adopt and incorporate by reference the previous allegations in paragraphs one (1) through twenty-five (25) as if fully set out herein.

27.   Allstate retained R. Clint Massengale, CFI, CFEI, CVFI of Crain-Massengale, P.C., a professional fire investigator, to determine the origin and cause for the fire(s) which destroyed Defendant's property made the basis of claims submitted to multiple insurance companies for the destruction of 11 pieces of equipment/trailers and 2 structures.

28.   Mr. Massengale's investigation revealed three points of origin were present. The burning indicates a fire originated in the bottling building, one in the mobile home and one at the Kubota tractor. In Mr. Massengale's opinion, the fire was incendiary caused by the burning of an ignitable liquid placed in each of the origination points. *See* Plaintiff, Allstate's expert's report attached to original Complaint as Exhibit F.

29.   Plaintiffs contend the loss reported by Defendant fails to meet the definition of a loss covered by the policy contracts.

30.   Further, the public policy of the State of Alabama and the express exclusions of the insurance policy contracts preclude any insured from collecting insurance proceeds under circumstances where property is intentionally destroyed, discarded or damaged for the purpose of collecting insurance proceeds or financial gain.

31.   Plaintiffs therefore, deny any and all liability to Defendant under all policies made the subject of these losses and if the trier of fact should determine from the evidence the fire was intentionally caused or procured by Defendant, then no coverage is found under any of the policies for any of the claims submitted.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

    I.    declare the insurance policy contracts to be null and void and that Plaintiffs have no duty or obligation to Defendant for any of the claims submitted; and,

    II.    request this Honorable Court to grant other, further or different general relief as the law requires and to which Plaintiffs may be entitled.

### COUNT THREE
### [Disputed Claim Value]

32. Plaintiffs adopt and incorporate by reference all previous allegations in paragraphs one (1) through thirty-one (31) as if fully set out herein.

33. Plaintiffs contend the Sworn Statements in Proof of Loss and the personal property inventory submitted to Plaintiffs falsely describe and falsely value the items claimed; thus, the value of each claim presented to each Plaintiff is in dispute.

34. Should the trier of fact determine Defendant is entitled to coverage under any insurance policy provided any coverage to Defendant for the claim submitted to either Plaintiff, then Plaintiffs demand strict proof of the true value of the item damaged or destroyed as a result of the fire for which the policy provides coverage.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

    II.    declare the insurance policy contracts to be null and void and that Plaintiffs have no duty or obligation to Defendant for any of the claims submitted;

    III.    However, should the jury find coverage under any policy for any claim based on the evidence, then the true value of the claim should be determined based on the evidence presented; and

    III.    request this Honorable Court to grant other, further or different general relief as the law requires and to which Plaintiffs may be entitled.

## COUNT FOUR
### [FAILURE TO COOPERATE & FAILURE TO COMPLY WITH POLICY CONDITIONS PRECEDENT]

35. Plaintiffs adopt and incorporate by reference all previous allegations in paragraphs one (1) through thirty-four (34) as if fully set out herein.

36. Plaintiffs independently served proper notice to Defendant of each company's intent to conduct an examination under oath as part of its investigation of the claims. Defendant refused to produce financial documents and/or to answer questions about his income, debts or obligations at the examinations under oath. Defendant failed or refused to prepare an inventory of damaged property as required by Lloyd's. Further, Defendant failed or refused to supply any documentary proof of his loss for several of the vehicles made the basis of the claims to Plaintiff, Allstate.

37. Each policy issued by Plaintiffs has provisions which set out an insured's duties after a loss. Alabama law has held these duties to be conditions precedent to be met before an insurer has any duty to investigate further or to make payment. Nationwide v. Nielson, *745 So.2d 264* (Ala. 1998)

38. Defendant failed or refused to comply with these policy conditions precedent thereby precluding Plaintiffs from conducting a complete investigation and hampering Plaintiffs' ability to make coverage decisions based on the merits of these claims.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

I. declare all of the insurance policy contracts to be null and void due to Defendants' failure and/or refusal to comply with policy conditions precedent and failure and/or refusal to cooperate in the investigations; and,

II. to grant other, further or different general relief as the law requires and to which Plaintiffs may be entitled.

## COUNT FIVE
### [Plaintiffs Demand Subrogation Against Defendant]

39. Plaintiffs adopt and incorporate by reference all previous allegations in paragraphs one (1) through thirty-eight (38) as if fully set out herein.

40. Plaintiffs' insurance policies provide for the insurers to seek reimbursement by subrogation against any person that causes a loss resulting in payments made under the policy that would not have been made, but for, the wrongful conduct of the person causing the loss.

41. If the court finds that Defendant caused or procured the fire that caused the damage or destruction of the insured property or that Defendant made material misrepresentations to Plaintiffs in breach of the insurance contracts, then Plaintiffs are entitled to be repaid for all proceeds advanced or paid for the benefit of Defendant that would not have been paid, but for his wrongful conduct and breach of the insurance contracts and violation of <u>Code of Alabama</u> §27-14-28.

42. Plaintiffs demand full reimbursement of all insurance proceeds advanced to Defendant during the claim investigation, reimbursement of all proceeds paid to any mortgagee, loss payee, lienholder or other 3rd party to whom payment is required by the contract, payment of all costs incurred to investigate this claim and this declaratory judgment action, including attorney's fees, court costs and interest.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray this court will accept jurisdiction of this cause and upon hearing the issues will grant the following relief:

    I. declare the insurance policy contracts to be null and void and that Defendant reimburse Plaintiffs for all proceeds paid or advanced, all costs incurred during the investigation and prosecution of this declaratory judgment action, including attorney's fees, court costs and interest as provided for in each policy, and;

    II. grant other, further or different general relief as the law requires and to which Plaintiffs may be entitled.

WHEREFORE, Plaintiffs request a declaration that as a result of Defendant's material misrepresentations, failure to cooperate in the investigation, failure to comply with policy conditions precedent, involvement in causing or procuring the incendiary fire, neither Plaintiff is obligated to offer coverage to the Defendant under any of the policies for which claims have

been made arising out of the events occurring on or around the April 2005 fire at 1598 Highway 79, Daviston, Alabama 36256. Plaintiffs further request any other such relief as this Court may deem proper and just.

PLAINTIFFS DEMAND A TRIAL BY JURY

s/J. Doyle Horn
Stephen A. Rowe (ASB-3804-E65S, ROW-001)
J. Doyle Horn (horn1391)
Counsel for Plaintiff,
Certain Underwriters at Lloyd's
London, Subscribing to Certificate
No. LLD1257, d/b/a Lloyd's of London

OF COUNSEL:
ADAMS and REESE LLP
2100 Third Avenue North, Suite 1100
Birmingham, Alabama 35203
Phone: (205) 250-5080
Fax: (205) 250-5034
E-Mail: steve.rowe@arlaw.com

s/Sue E. Williamson
Sue E. Williamson [ASB2601-A41S]
Counsel for Allstate Insurance Co.

OF COUNSEL:
KLASING & WILLIAMSON, P.C.
1601 Providence Park
Birmingham, Alabama 35242
Phone: (205) 980-4733
Fax: (205) 980-4737
E-Mail: suewilliamson@bellsouth.net

Serve the Defendant by Certified Mail at:
Mr. Charles W. Parrott
14560 Hamlet Mill Road
Daviston, AL  36256