**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **CERTAIN UNDERWRITERS AT LLOYD'S LONDON, SUBSCRIBING TO CERTIFICATE NO. LLD1257** )<br>)<br>)<br>)<br>**Plaintiff.** )<br>)<br>**v.** )<br>)<br>)<br>**CHARLES PARROTT** )<br>)<br>**Defendant.** )<br>) | **CIVIL ACTION NO.**<br>**00611-DRB**<br>**Demand for Jury Trial** |

## ANSWER TO COUNTERCLAIM

COMES NOW, Plaintiff Allstate Insurance Company in response to Defendant's Counterclaim to state the following:

1. To the best of Allstate's information and belief, Paragraph 1 is admitted.

2. To the best of Allstate's information and belief, Paragraph 2 is admitted.

3. To the best of Allstate's information and belief, Paragraph 3 is admitted.

4. To the best of Allstate's information and belief, Paragraph 4 is admitted.

### COUNT ONE
### BREACH OF CONTRACT

5. To the best of Allstate's information and belief, Paragraph 5 of Count 1 is admitted.

6. Paragraph 6 of Count 1 is denied and strict proof demanded. While Allstate admits that automobile insurance policies were issued to the defendant, however, the description, ownership and value of a majority of the vehicles destroyed by the fire and made the subject of the claims to Allstate and this complaint for declaratory judgment are in question or dispute.

7. Allstate is without information to either admit or deny Paragraph 7 of Count 1, therefore, it is denied.

8. Neither ownership, value or proper identification of a majority of the vehicles made a part of the claims submitted to Allstate can be verified or confirmed; therefore, all of the allegations of paragraph 8 of Count 1 are denied.

9. Paragraph 9 of Count 1 is emphatically denied and strict proof demanded.

10. Paragraph 10 of Count 1 is denied and strict proof demanded.

11. Neither Lloyd's nor Allstate refused to pay defendant's claims; rather, this Complaint for Declaratory Judgment was initiated to resolve the outstanding coverage questions under investigation; therefore, Paragraph 11 of Count 1 is denied.

12. Paragraph 12 of Count 1 is unintelligible, however, to the extent that it is thought to make any allegation against Allstate, it is denied.

13. Paragraph 13 is emphatically denied and strict proof demanded.

14. Paragraph 14 of Count 1 is emphatically denied and strict proof demanded.

15. Allstate's affirmative and other defenses are set out in detail in the complaint.

16. Allstate adopts and incorporates by reference each and every defense, either affirmative or otherwise as outlined in the Complaint for Declaratory Judgment as if fully set out herein.

18. Allstate denies breaching any contract with the defendant.

                                      Respectfully submitted,

                                      _____
                                      Sue E. Williamson [WIL 133]
                                      Attorney for Plaintiff,
                                      Allstate Insurance Company

OF COUNSEL:
Klasing and Williamson, P.C.
1601 Providence Park
Birmingham, AL  35242
(205) 980-4733
(205) 980-4737 fax
suewilliamson@bellsouth.net

### CERTIFICATE OF SERVICE

      I hereby certify that on this 11 day of September, 2006, a copy of Allstate's Answer to Counterclaim has been served on all parties in this matter by placing a copy in the United States mail, postage prepaid, properly addressed, to the following counsel of record:

Mark Allen Treadwell, Esq.
129 West Columbus Street
Dadeville, AL  36853

Stephen Rowe, Esq.
Adams and Reese LLP
2100 Third Avenue North Suite 1100
Birmingham, AL  35203

                                      _____
                                      COUNSEL